Case 1:08-cv-05812-RMB-THK   Document 5   Filed 09/02/2008   Page 1 of 2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

August 28, 2008

LESLIE G. LEACH
Deputy Attorney General
State Counsel Division

JUNE DUFFY
Acting Assistant Attorney General in Charge
Litigation Bureau

Writer's Direct Dial
(212) 416-6276

By Hand

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

p. 2

Re:   Roberts v. Arkinson, Index No: 08-05812

Dear Judge Berman:

    This office represents defendant Karen Arkinson, Deputy Commissioner of the New York State Department of Taxation and Finance (the "Deputy Commissioner"), in the above captioned matter. Defendant intends to move this Court to dismiss the action pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. This letter sets forth the basis for that motion and requests a pre-motion conference as required by Your Honor's individual rules.

    While the complaint is inartfully pleaded, the gravamen of plaintiff's claims appears to be that defendant, acting in her official capacity as Deputy Commissioner, has violated plaintiff's constitutional rights by acting to enforce the New York Tax Law in relation to plaintiff's investments. Suits against a state official in her official capacity are generally barred from federal court by the Eleventh Amendment to the United States Constitution, whether the relief sought is declaratory, injunctive or money damages. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984).

    To the extent that plaintiff seeks declaratory or injunctive relief, rather than damages, against defendant in relation to her actions enforcing the New York Tax Law, his action is also barred by the Tax Injunction Act, 28 U.S.C. § 1341, which states that "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The United States Supreme Court has considered the procedures available to New York taxpayers and has

2

concluded that these remedies are speedy and efficient. Tully v. Griffin, Inc., 429 U.S. 68, 76 (1976). The Supreme Court has also held that the Tax Injunction Act bars actions asserting the violation of rights under the United States Constitution where such actions would have the effect of enjoining the operation of state tax law. See Fair Assessment In Real Estate Association v. McNary, 454 U.S. 100, 114-15 (1981).

For these reasons, plaintiff's action should be dismissed in its entirety for lack of subject matter jurisdiction. Defendant thereforerequests that the Court schedule a premotion conference.

Respectfully submitted,

Elizabeth Prickett-Morgan
Assistant Attorney General

cc: Mr. Eli Roberts (by first class mail)

> Plaintiff may respond to this letter with a 2-3 page letter by 9/12/08. A pre-motion conference is set for 9/24/08 at 9:15 a.m.
>
> SO ORDERED:
> Date: 9/2/08
> Richard M. Berman, U.S.D.J.