```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ELI MASON ROBERTS                  :
                                   :
                Plaintiff,         :    08 Civ. 5812 (RMB)(THK)
                                   :
     -against-                     :
                                   :    REPORT AND RECOMMENDATION
                                   :
KAREN ARKINSON, DEPUTY             :
COMMISSIONER OF THE NEW YORK       :
STATE DEPARTMENT OF TAXATION       :    (PRO SE)
AND FINANCE,                       :
                                   :
                Defendant.         :
                                   :
-----------------------------------X
```

**TO: HON. RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Eli Mason Roberts, proceeding pro se, brings this action against Defendant Karen Arkinson, the Deputy Commissioner of the New York State Department of Taxation and Finance, alleging violations of his rights under the Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Fourteenth, and Sixteenth Amendments to the United States Constitution. Although it is not entirely coherent, the essence of Plaintiff's Complaint appears to be that the New York State Department of Taxation wrongly determined that Plaintiff owed taxes on tax exempt assets, wrongly determined that Plaintiff had filed late tax returns and imposed penalties for the late filings, and secured a court order levying a lien against Plaintiff's accounts at Fidelity Investments. (See Complaint, passim.) Defendant Arkinson has moved to dismiss the Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this action is barred by both the Tax Injunction Act, 28 U.S.C. §

1341, and the Eleventh Amendment to the United States Constitution. Plaintiff has failed to respond to the motion.

Defendant's motion was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons that follow, the Court recommends that the motion be granted and this action be dismissed with prejudice.

## DISCUSSION

Defendant contends that this action should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Ruotolo v. United States, No. 07-4421-cv, 2009 WL 412991 (2d Cir. Feb. 19, 2009)(quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)).

> In resolving a Rule 12(b)(1) motion to dismiss,
>
> the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (citation and internal quotation marks omitted), but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it. APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).

I. Tax Injunction Act

The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341 (hereinafter "the TIA" or "the Act").

Thus, federal courts are barred from granting declaratory and injunctive relief in suits "in which the state taxpayers seek federal-court orders enabling them to avoid paying state taxes," as long as there is an efficient remedy available in the state courts. Hibbs v. Winn, 542 U.S. 88, 107, 124 S. Ct. 2276, 2289 (2004); see also Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 586-87, 115 S. Ct. 2351, 2354-55 (1995); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 103, 102 S. Ct. 177, 179 (1981); Bernard v. Village of Spring Valley, New York, 30 F.3d 294, 297 (2d Cir. 1994). Based on principles of comity, this doctrine has been extended to federal-court cases in which a party seeks damages in a state taxation case, pursuant to 42 U.S.C. § 1983. See Fair Assessment, 454 U.S. at 113-14, 115-16, 102 S. Ct. at 184-85, 186; Bernard, 30 F.3d at 297. "[T]he principal purpose of the TIA was to 'limit drastically' federal-court interference with the 'collection of state taxes'." Hibbs, 542 U.S. at 105, 124 S. Ct. at 2288 (quoting California v. Grace Brethren Church, 457 U.S. 393, 408-09, 102 S. Ct. 2498 (1982)).

Notwithstanding Plaintiff's characterization of his claims for violation of various constitutional rights, it is apparent that his Complaint seeks to involve this Court in his effort to avoid paying state taxes. For example, Plaintiff contends that Defendant overstated his 2002 income, taxed him for what was purportedly tax-free income, improperly charged him with filing late tax returns (resulting in the imposition of tax penalties), and secured a judgment in state court imposing a lien on certain of his assets in order to collect his tax deficiency. (See Complaint, passim.) New York has fair and efficient remedies for Plaintiff's alleged injuries. See Bernard, 30 F.3d at 29 ("because procedurally adequate state remedies . . . are available to [plaintiff], his constitutional objections to the village's tax assessment should be lodged in state court, not federal court"); Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431-32 (2d Cir. 1989); Sanzott v. Williams, No. 5:98-CV-0730 (RSP) (DNH), 1998 WL 274848, at *2 (N.D.N.Y. May 27, 1998).

It follows that comity and the Tax Injunction Act preclude this Court from exercising subject matter jurisdiction over this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that the Complaint be dismissed with prejudice for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Berman. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2009
       New York, New York

Copies mailed to:

Eli Mason Roberts
230 East 25th Street
Apt. 3D
New York, New York 10010

Assistant Attorney General Elizabeth Prickett-Morgan
120 Broadway
New York, New York 10271