USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ELI MASON ROBERTS,

                    Plaintiff,

    - against -

KAREN ARKISON, DEPUTY
COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE,

                    Defendant.

------------------------------------------------------------X

08 CV 5812 (RMB) (THK)

**<u>DECISION & ORDER</u>**

## I. Background

On or about June 16, 2008, Eli Mason Roberts ("Plaintiff" or "Roberts"), proceeding <u>pro se</u>, filed a complaint ("Complaint") against Karen Arkison, Deputy Commissioner of the New York State Department of Taxation and Finance ("Defendant"), alleging, among other things, that Defendant violated Plaintiff's rights under the Fifth, Sixth, Seventh, Ninth, Tenth, Fourteenth, and Sixteenth Amendments to the United States Constitution by taxing Plaintiff "for accounts that do not pay interest or dividends [or] are tax exempt" and wrongfully levying "as much money as possible from [Plaintiff's] bank accounts and investments." (Compl. at 1–2.)

On or about November 10, 2008, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that "this action is barred by both the federal Tax Injunction Act, 28 U.S.C. § 1341, and the Eleventh Amendment to the United States Constitution." (Def.'s Mem. in Supp. of Mot. to Dismiss, dated Nov. 10, 2008 ("Def.'s Mot."), at 1.)

On or about November 25, 2008, Plaintiff filed an opposition arguing, among other things, that Defendant "must be tried for ordering the removal of money from [Plaintiff's] bank accounts and having unknown shares of [Plaintiff's] mutual funds sold" and that Defendant "has fabricated a reason to levy as much money [from Plaintiff] as she could using her authority." (Pl.'s Opp'n to Def.'s Mot. to Dismiss, dated Nov. 25, 2008 ("Pl.'s Opp'n"), at 7–8.) Defendant did not file a reply. (See Ltr. from Elizabeth Prickett-Morgan to the Hon. Richard M. Berman, dated Jan. 9, 2009, at 1.)

On or about June 30, 2009, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a thoughtful report and recommendation ("Report"), recommending that the Complaint be dismissed with prejudice because, among other reasons, "[n]otwithstanding Plaintiff's characterization of his claims for violation of various constitutional rights, it is apparent that [the] Complaint seeks to involve this Court in his effort to avoid paying state taxes" and, as a result, principles of "comity and the Tax Injunction Act preclude this Court from exercising subject matter jurisdiction over this matter."[1] (Report at 4.)

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.'], the parties shall have ten (10) days from the service of [the] [R]eport to file written objections." (Report at 5.) On or about July 16, 2009, Plaintiff filed timely Objections, arguing, among other things, that "there was no reason for

---

[1] Judge Katz may not have considered Plaintiff's Opposition. (See Report at 2; see also Pl.'s Response to Report and Recommendation, dated July 8, 2009 ("Objections"), at 6–7.) It seems that Plaintiff submitted a courtesy copy of his Opposition to this Court but does not appear to have properly filed the Opposition with the Clerk of the Court or to have provided Judge Katz with a copy. In the interests of justice and finality, the Court has reviewed Plaintiff's Opposition papers and construed them liberally to raise the strongest arguments they suggest. See Farash v. Cont'l Airlines, Inc., 574 F. Supp. 2d 356, 362 (S.D.N.Y. 2008).

[Defendant] getting a judgment to sell [Plaintiff's] shares from [certain] mutual funds" and because Defendant is being sued in her individual capacity, she "is suppose[d] to hire and pay [for] an attorney at her own e[x]pense, rather than use the Office of the Attorney General of the State of New York to defend her at the e[x]pense of the taxpayers." (Objections at 5–9.) Defendant did not file a response to Plaintiff's Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and the case is dismissed with prejudice.**

## II.     Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the plaintiff is proceeding pro se, the Court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III.   Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, Plaintiff's Objections, the Report, the record, including Plaintiff's Opposition, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Katz are supported by the record and the law in all respects. See Fed. R. Civ. P. 72(b)(3); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Plaintiff's Objections raise substantially the same arguments that he presented to Judge Katz and do not provide any basis for departing from the Report's conclusions and recommendations.[2]

Judge Katz properly concluded that the New York State courts have fair and efficient remedies for Plaintiff's alleged injuries and principles of comity and the Tax Injunction Act "preclude this Court from exercising subject matter jurisdiction over this matter." (Report at 4); see 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); Tully v. Griffin, 429 U.S. 68, 76 (1976) ("New York provides a 'plain, speedy and efficient' means for the redress of [Plaintiff]'s constitutional claims" concerning state taxes); Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994); Trieu v. Urbach, No. 98 Civ. 8278, 1999 U.S. Dist. LEXIS 10172, at *10 (S.D.N.Y. July 6, 1999) (dismissing Plaintiff's state tax claims for lack of subject matter jurisdiction "[b]ecause

---

[2]   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

New York provides remedies which afford [Plaintiff] a 'plain, speedy and efficient' state remedy").

Plaintiff's argument that Defendant must "hire and pay [for] an attorney at her own e[x]pense" is meritless. (Objections at 5; see Pl.'s Opp'n at 9); see also Fetik v. New York Law Sch., No. 97 Civ. 7746, 1999 U.S. Dist. LEXIS 9755, at *16 (S.D.N.Y. June 28, 1999); Vig Realty Corp. v. City of New York, No. 89 Civ. 1648, 1990 U.S. Dist. LEXIS 6816, at *15 (S.D.N.Y. June 7, 1990) (principles of comity and the Tax Injunction Act "apply to an action against [a state official] in his individual capacity").

## IV. Conclusion

For the reasons stated therein and herein, the Court adopts Judge Katz's Report [#13] in its entirety and dismisses the Complaint [#1] with prejudice. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
       July 22, 2009

*RMB*

_____
RICHARD M. BERMAN, U.S.D.J.

5